UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN NATURAL RESOURCES, LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>NATIONS ENERGY SOLUTIONS, INC. et al ,<br><br>                                    Defendants. | Case No.:  20-CV-2144-JES(WVG)<br><br>**ORDER FOLLOWING MAY 12, 2023 DISCOVERY HEARING**<br><br>(ECF No. 207, 212, 228, 229, and 239) |

## I.    BACKGROUND

Pending before this Court are five discovery motions filed by the Parties. (ECF No. 207, 212, 228, 229, and 239.) On March 24, 2023, the Court *sua sponte* converted the May 12, 2023 Video Discovery Conference to an in-person discovery hearing and ordered all parties and representatives, with full and complete settlement authority, and counsel responsible for the litigation to appear. (ECF No. 251.)

On May 12, 2023, the Court convened an in-person discovery hearing to address each pending discovery motion along with the underlying discovery disputes. ("May 12, 2023 Discovery Hearing", ECF No. 269.) Richard K. Welsh and Jeffrey Zuidema appeared on behalf of Plaintiff – Counter-Defendant Southern Natural Resources, LLC ("SNR") and

Counter-Defendants TG High Prairie, LLC ("TGHP"), TG High Prairie Land, LLC ("TGHPL"), Terra-Gen Operating Company, LLC ("TGOC"), Terra-Gen, LLC ("TG"), Terra-Gen Power, LLC (collectively referred to as "Terra-Gen Counter-Defendants") and Randy Hoyle.  Yuanlong Hu appeared as the client representative for SNR and Terra-Gen Defendants. Randy Hoyle appeared on behalf of Counter-Defendant Randy Hoyle. Daniel P. Scholz and Lindsey C. Herzik appeared on behalf of Defendant – Counterclaimant Nations Energy Solutions, Inc ("NES"). Kirk Tracey appeared as the client representative for NES. Suzanne Pollack and Maggie E. Schroedter appeared on behalf of Defendant Bergstrom Renewables, LLC, Eric Bergstrom, and Robert Bergstrom (collectively referred to as "Bergstrom Defendants"). Eric Bergstrom and Robert Bergstrom appeared as client representatives for Defendant Bergstrom Renewables, LLC, and in their individual capacity as Defendant Eric Bergstrom and Robert Bergstrom.

At the May 12, 2023 Discovery Hearing, the Court provided counsel the opportunity to address whether any of the five pending motions had been resolved or were still at issue. Based upon the representations and oral arguments made by the parties, the Court addressed and ruled on the following motions from the bench: (1) NES' Motion for Protective Order to Prevent the Compulsion of NES's Responses to Randy Hoyle's Special Interrogatories, Set Two, Nos. 10-19 and TGHPL's Special Interrogatories, Set Two, Nos. 18-20 (ECF No. 207), (2) SNR's Motion for Protective Order to Preclude the Deposition of James Pagano and SNR's 30(b)(6) Representative and Request for Sanctions (ECF No. 212), (3) TGHPL's Motion to Compel Further Responses from NES to TGHPL's Interrogatories, Set One, Nos. 2-4, 8, and 14 (ECF No. 228), (4) TGHPL's Motion to Compel Further Responses from Defendant Robert Bergstrom to TGHPL's Interrogatories, Set One, Nos. 1, 3, and 7 (ECF No. 229), and (5) NES's Motion to Compel the Deposition of SNR's Person Most Qualified (ECF No. 239).

Although the Court addressed and ruled on SNR's Motion for Protective Order to Preclude the Deposition of James Pagano and SNR's 30(b)(6) Representative and Request for Sanctions (ECF No. 212), the Court deferred ruling on five deposition topics in dispute

20-CV-2144-JES(WVG)

included in SNR's Motion for Protective Order to Preclude the Deposition SNR's 30(b)(6) Representative. The Court now summarizes each of its rulings made from the bench and addresses the five remaining deposition topics, Deposition Topics No. 39, 40, 42, 43, and 45 Proposed by the Bergstrom Defendants.

## II.     RULINGS ON THE BENCH

  a.  <u>ECF No. 207 – Motion for Protective Order to Prevent the Compulsion of NES's Responses to Randy Hoyle's Special Interrogatories, Set Two, Nos. 10-19 and TGHPL's Special Interrogatories, Set Two, Nos. 18-20</u>

NES's Motion for Protective Order to Prevent the Compulsion of NES's Responses to Randy Hoyle's Special Interrogatories, Set Two, Nos. 10-19 and TGHPL's Special Interrogatories, Set Two, Nos. 18-20 ("NES' Motion for Protective Order Regarding Hoyle and TGHPL's Special Interrogatories") sought preclusion of NES's obligation to respond to discovery due to the volume of interrogatories previously propounded by TGHPL and the Bergstrom Defendants, and NES and the Bergstrom Defendants' joint motion to modify the Court's November 19, 2021 Discovery Order which sought limitations on the number of interrogatories allowed ("Motion to Modify". ECF No. 200). (ECF No. 207 at 2.) NES also sought sanctions for attorney's fees in the amount of $1,050.00 for three hours spent preparing its motion. (ECF No. 207 at 7.) On February 24, 2023, Honorable Andrew G. Schopler held an informal discovery conference to address other discovery disputes and the Motion to Modify. (ECF No. 237.) In pertinent part, Judge Schopler ordered:

> Discovery limits in this case are now as follows: (1) limits are per side, rather than per party; (2) defendants constitute one side, and plaintiff and all counter-defendants together constitute one side; (3) going forward, each side may propound a maximum of 20 additional special interrogatories and 10 additional requests for production of documents; (4) discovery requests served before February 24, 2023, do not count against these new limits; (5) responses to all currently outstanding discovery requests are due to the propounding party on the dates that the Court has previously ordered or, when no such order applies, on the dates to which the parties have already agreed or, when there has been no such prior agreement, March 10, 2023; and (6) plaintiff's special status allowing for "per-defendant" discovery limits (*see* ECF 51) is

terminated.
(ECF No. 237.)

This Court's reading of Judge Schopler's February 24, 2023 ruling renders NES's Motion for Protective Order Regarding Hoyle and TGHPL's Special Interrogatories moot. At the May 12, 2023 Discovery Hearing, SNR and NES both agreed the substantive discovery disputes underlying NES's Motion for Protective Order Regarding Hoyle and TGHPL's Special Interrogatories had been mooted by Judge Schopler's February 24, 2023 Order (ECF No. 237). However, NES contended part of the motion remained as NES still sought sanctions for attorney's fees and costs related to filing its motion.

As both Parties and the Court agreed the substantive dispute underlying NES's Motion for Protective Order Regarding Hoyle and TGHPL's Special Interrogatories was no longer in dispute, NES's Motion for Protective Order to Prevent the Compulsion of NES's Responses to Randy Hoyle's Special Interrogatories, Set Two, Nos. 10-19 and TGHPL's Special Interrogatories, Set Two, Nos. 18-20 is DENIED AS MOOT. The Court further DENIES NES's sanctions request for attorney's fees in the amount of $1,050.00.

> b. <u>ECF No. 212 – SNR's Motion for Protective Order to Preclude the Deposition of James Pagano</u>

SNR's Motion for Protective Order to Preclude the Deposition of James Pagano sought an order from the Court preventing the deposition of Terra-Gen's CEO James Pagano ("Mr. Pagano") in light of the apex doctrine and SNR's contentions that Mr. Pagano had no unique first-hand knowledge which would not be duplicative testimony in light of the depositions of Defendant Hoyle. (*See* ECF No. 212.) In contrast, NES and the Bergstrom Defendants contend Mr. Pagano had unique knowledge about Defendant Hoyle's authority to bind Terra-Gen in Mr. Pagano's capacity as CEO and Mr. Hoyle's supervisor. (*See* ECF No. 226, 227.)

Once again, the Court found itself in the midst of a dispute and heavy motion practice for a matter that the Parties seemingly could (and in fact did) resolve themselves. In pertinent part, although SNR disputed the relevancy and appropriateness of deposing Mr.

Pagano, SNR previously offered Mr. Pagano for a two-hour deposition. (ECF No. 212 at 5.) Despite this offer by SNR, the Parties proceeded with filing SNR's Motion for Protective Order to Preclude the Deposition of James Pagano (ECF No. 212) and the numerous opposition and reply briefs related to the motion (ECF No. 222, 226, 227, 230, 238). In light of the Parties' clear failures to meaningfully meet and confer amongst themselves thus far in the discovery process, during the May 12, 2023 Discovery Hearing the Court provided the Parties with an opportunity to meet and confer to determine whether counsel could work amongst themselves to resolve this dispute. As evidenced by the Parties' compromise after a ten-minute meet and confer, the Parties clearly could and should have resolved this issue amongst themselves without engaging in motion practice.

As agreed to by the Parties during the May 12, 2023 Discovery Hearing, Terra-Gen's CEO James Pagano shall be produced for deposition at a time and place agreed to by the Parties, limited to a maximum of two and a half (2.5) hours. Accordingly, SNR's Motion for Protective Order to Preclude the Deposition of James Pagano (ECF No. 212) is DENIED AS MOOT.

> c. <u>ECF No. 212 – SNR's Motion for Protective Order to Preclude Deposition Topics No. 5, 6, and 16 Proposed by NES Related to the Deposition of SNR's 30(b)(6) Representative</u>

The Court summarizes below its rulings made on May 12, 2023 regarding SNR's Motion for Protective Order to Preclude Deposition Topics No. 5, 6, and 16 Proposed by NES related to the deposition of SNR's 30(b)(6) representative.

> i. <u>NES's Deposition Topic No. 5</u>

For the reasons stated on the record, the Court SUSTAINS SNR's objections to this deposition topic and SNR's Motion for Protective Order Precluding Deposition Topic No. 5 is GRANTED. SNR need not produce a 30(b)(6) witness for this deposition topic.

> ii. <u>NES's Deposition Topic No. 6</u>

For the reasons stated on the record, the Court SUSTAINS SNR's objections to this deposition topic and SNR's Motion for Protective Order Precluding Deposition Topic No.

6 is GRANTED. SNR need not produce a 30(b)(6) witness for this deposition topic.

### iii.   NES's Deposition Topic No. 16

Topic No. 16 seeks "Meetings between SNR, NES and Vestas Development around May 2018". As stated on the record, the Court OVERRULES SNR's objections that Topic No. 16 is overbroad and burdensome. The topic is limited to the timeframe of one month and SNR's counsel conceded at the May 12, 2023 Discovery Hearing that SNR understood NES meant the entity of "Vestas America" notwithstanding misidentifying it as "Vesta Development". Thus, the Court ORDERS SNR to produce a 30(b)(6) representative to testify about this topic, with the modification that the entity is "Vestas America", not "Vestas Development".

SNR's Motion for Protective Order Precluding Deposition Topic No. 16 is DENIED.

### d.   ECF No. 212 – SNR's Motion for Protective Order to Preclude Deposition Topics No. 6, 7, 8, 13, and 33 Proposed by the Bergstrom Defendants Related to the Deposition of SNR's 30(b)(6) Representative

The Court summarizes each ruling made on May 12, 2023 regarding the Bergstrom Defendants' Deposition Topics No. 6, 7, 8, 13, and 33.

### i.   Bergstrom Defendants' Deposition Topic No. 6

For the reasons stated on the record, the Court SUSTAINS SNR's objections to this deposition topic and SNR's Motion for Protective Order Precluding Bergstrom Defendant's Deposition Topic No. 6 is GRANTED. SNR need not produce a 30(b)(6) witness for this deposition topic.

### ii.   Bergstrom Defendants' Deposition Topic No. 7

For the reasons stated on the record, the Court SUSTAINS SNR's objections to this deposition topic and SNR's Motion for Protective Order Precluding Bergstrom Defendant's Deposition Topic No. 7 is GRANTED. SNR need not produce a 30(b)(6) witness for this deposition topic.

### iii.   Bergstrom Defendants' Deposition Topic No. 8

For the reasons stated on the record, the Bergstrom Defendants' Deposition Topic

No. 8 is overbroad and burdensome. The Court SUSTAINS SNR's objections to this deposition topic and SNR's Motion for Protective Order Precluding Bergstrom Defendant's Deposition Topic No. 8 is GRANTED. SNR need not produce a 30(b)(6) witness for this deposition topic.

### iv.  Bergstrom Defendants' Deposition Topic No. 13

As to Deposition Topic No. 13, at the May 12, 2023 Discovery Hearing the Bergstrom Defendants acknowledged that the Court's ruling on NES's Deposition Topic No. 16 should apply as both topics sought testimony about "Meetings between SNR, NES and Vestas Development" (also known as Vestas America). The only difference between NES Topic. No. 16 and Bergstrom Defendants' Topic No. 13 was that the latter further defined the timeframe and topic to "in April through May 2018 relating to the NES development assets". For the reasons stated on the record, the Court OVERRULES SNR's objections that Topic No. 13 is overbroad and burdensome and SNR's Motion for Protective Order Precluding Bergstrom Defendant's Deposition Topic No. 13 is DENIED.

Thus, the Court ORDERS SNR to produce a 30(b)(6) representative to testify about this topic, with the modification that the entity is "Vestas America", not "Vestas Development".

### v.  Bergstrom Defendants' Deposition Topic No. 33

For the reasons stated on the record, the Court OVERRULES SNR's objections that the Bergstrom Defendant's Deposition Topic No. 33 requires a lay witness to testify as an expert. Accordingly, SNR's Motion for Protective Order Precluding Bergstrom Defendants' Deposition Topic No. 33 is DENIED.

The Court ORDERS SNR to produce a 30(b)(6) representative to testify to the topic of "The factual basis for SNR's calculation of damages".

/ / /

/ / /

/ / /

/ / /

e. <u>ECF No. 228 and 229 – TGHPL's Motions to Compel NES's Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 1, 3, and 7 and Defendant Robert Bergstrom's Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 2-4, 8, and 14</u>

TGHPL's Motion to Compel NES's Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 1, 3, and 7 and Motion to Compel Defendant Robert Bergstrom's Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 2-4, 8, and 14 both seek sanctions for attorney's fees in the amount of $3,100.00 per motion. (ECF No. 228-2 at 3 and 229-2 at 3.)

For the reasons stated on the record at the May 12, 2023 Discovery Hearing, TGHPL Motion to Compel NES' Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 2-4, 8, and 14 and TGHPL's Motions to Compel Robert Bergstrom's Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 1, 3, and 7 and the related sanctions requests are DENIED.

The Court finds TGHPL in violation of this district's Civil Local Rule 26.1(a)'s meet and confer requirements. *See* CivLR 26.1(a) ("The Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues.") TGHPL did not meet and confer with Defendant Robert Bergstrom and NES's counsel in good faith prior to the filing of these two motions. (*See* ECF No. 228 and 229, Exs. 2.) The meet and confer requirement as set out by the local rules obligates the parties to engage in a dynamic good faith process to resolve disputes amongst themselves. Here, TGHPL's conduct was clearly not aligned with the spirit of the meet and confer obligations. (*Id.*) TGHPL's counsel's emails demanding a meet and confer at the proverbial eleventh hour, after business hours (6:05 p.m. and 6:08 p.m.), the day before the deadline to file a motion to compel, was more akin to a ransom demand than a good faith effort to meet and confer to resolve the discovery dispute. (*Id.*) To expect defendants' counsel to meaningfully meet and confer, revise their client's discovery responses, and obtain client verification as to the truthfulness of the revised

responses within twenty-four hours is an unreasonable and unworkable standard. There is no manner in which such a meet and confer could reasonably be considered to have been made in good faith.

Accordingly, TGHPL Motion to Compel NES's Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 2-4, 8, and 14 and TGHPL's Motion to Compel Robert Bergstrom's Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 1, 3, and 7 are DENIED. Additionally, TGHPL's requests for sanctions in the amount of $3,100.00 for attorney's fees and costs related to each motion are also DENIED.

Additionally, NES requested $2,310.00 for attorney's fees and costs incurred in opposing TGHPL's Motion to Compel NES' Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 2-4, 8, and 14. (ECF No. 253-1 at 3.) The Court also DENIES NES's request for attorney's fees and costs in the amount of $2,310.00.

> f.  ECF No. 239 – NES's Motion to Compel Deposition Topics No. 11, 12, and 13 of SNR's 30(b)(6) Representative and Request for Sanctions

At the May 12, 2023 Discovery Hearing, SNR's counsel represented that SNR always intended to produce a corporate representative to address NES's Deposition Topics Nos. 11, 12, and 13. NES's counsel represented that despite the substantive resolution of this motion to compel (ECF No. 239), NES still sought sanctions in the amount of $3,850.00 for costs related to raising the motion.

The Court once again finds the underlying dispute has been resolved yet the Parties failed to provide any indication or notice to the Court, instead leaving the motion on the Court's docket for two and a half months and continuing to seek sanctions when the dispute is no longer live. This is simply not how discovery should be conducted.

As the Parties both agreed NES's Deposition Topic Nos. 11, 12, and 13 were no longer at issue, NES's Motion to Compel the Deposition of SNR's Person Most Qualified (ECF No. 239) is DENIED AS MOOT. The Court further DENIES NES's sanctions request for attorney's fees in the amount of $3,850.00.

/ / /

### III.   BERGSTROM DEFENDANTS' DEPOSITION TOPICS NUMBER 39, 40, 42, 43, AND 45 AS RELATED TO ECF NO. 212

As the Court did not issue any rulings on the bench regarding SNR's Motion for Protective Order to Preclude Deposition Topics No. 39, 40, 42, 43, and 45 Proposed by the Bergstrom Defendants related to the depositions of SNR's 30(b)(6) Representative (ECF No. 212), the Court now addresses each below.

SNR argued each of these topics are irrelevant, overbroad, and unduly burdensome as the deposition notice and topics, as written, potentially encompass years of meetings and "cover nearly every conceivable facet of this litigation". (ECF No. 212-1 at 12.) SNR argued the Bergstrom Defendants added numerous irrelevant deposition topics which do not relate to any of the claims or defenses at issue. (*Id*. at 18-19; May 12, 2023 Hrg. Tr. at 5-10.) In turn, the Bergstrom Defendants argued the topics are relevant because they all related to SNR's ability to develop, market, or sell the Salt Creek project between December 2013 to December 2017. (ECF No. 227 at 19-20; May 12, 2023 Hrg. Tr. at 3-5.) The Bergstrom Defendants argued SNR had a limited period to actually develop and sell the Salt Creek project and elected to abandon it, yet now SNR alleges the Bergstrom Defendants' actions constituted a breach of contract and misappropriation of trade secrets resulting in SNR's damages. (May 12, 2023 Hrg. Tr. at 4, 11.) At the May 12, 2023 Discovery Hearing, the Bergstrom Defendants also argued that the legal standard for such discovery is not relevancy but rather whether the "particular topic or testimony garnered therefrom is reasonably likely to lead to the discovery of admissible evidence and whether it is proportional to the case." (May 12, 2023 Hrg. Tr., ECF No. 270 at 11:7-11.)

As a threshold matter, the Court finds the Bergstrom Defendants' argument that relevancy is not the standard for discovery to be improper under Federal Rule of Civil Procedure 26(b)(1) ("Rule 26(b)(1)"). At the heart of all discovery is whether the discovery is relevant to the litigation. If it is not relevant, the inquiry ends. Rule 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is

**relevant** to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. **Information within this scope of discovery need not be admissible in evidence to be discoverable.**

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Further, the Advisory Committee Note to the 2015 Amendment of Rule 26(b)(1) makes clear:

The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the "reasonably calculated" phrase to define the scope of discovery "might swallow any other limitation on the scope of discovery." The 2000 amendments sought to prevent such misuse by adding the word "**Relevant**" at the beginning of the sentence, making clear that "'**relevant**' means within the scope of discovery as defined in this subdivision ..." The "reasonably calculated" phrase has continued to create problems, however, and is removed by these amendments. **It is replaced by the direct statement that "Information within this scope of discovery need not be admissible in evidence to be discoverable."** Discovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery.

Fed. R. Civ. P. 26(b)(1) Advisory Committee Note 2015 (emphasis added).

Turning to the Bergstrom Defendants' Deposition Topics No. 39, 40, 42, 43, and 45, the Court finds each deposition topic to be irrelevant and disproportional to the claims or defenses of this case.

### a. Bergstrom Defendants' Deposition Topic No. 39 and 42

Deposition Topic No. 39 seeks a SNR 30(b)(6) witness to testify about: The calculation of Iowa sales tax on wind turbines that SNR and/or Terra-Gen used to submit bids or proposals of any kind, solicited or unsolicited, to Alliant Energy Company related to Salt Creek. (ECF 212 at 18.) Deposition Topic No. 42 seeks a SNR 30(b)(6) witness to

testify about: The meeting with Alliant Energy Company in or about July 2016 in Madison, Wisconsin. (ECF 212 at 18.) SNR objected to both topics based on relevancy and burdensomeness.

SNR argued that both deposition topics are unrelated to the underlying claims of breach of contract and misappropriation of trade secrets alleged in its Complaint. SNR argued the Iowa sales tax calculations and whether SNR submitted a bid to Alliant Energy has no relevancy to the allegations made against the Bergstrom Defendants. (May 12, 2023 Hrg. Tr. at 5.) SNR represented that the claims underlying this case entail the Bergstrom Defendants' possession and use of SNR's data to improperly develop the Salt Creek project. (*Id.*) SNR represented that their client did not abandon the Salt Creek project and has not contended that they are presently attempting to develop the project. (*Id.*) Finally, SNR argued the APA specifies that abandonment of any project must occur via a signed writing – yet the Bergstrom Defendants and NES instead rely on circumstantial evidence to argue abandonment and have not provided any concrete explanation for why calculations of the Iowa sales tax or July 2016 meeting are relevant. (*Id*. at 7.)

The Court finds the Bergstrom Defendants have not made a sufficient showing that the calculation of the Iowa sales tax and the July 2016 meeting with Alliant relates to SNR's allegations against the Bergstrom Defendants and the underlying disputes involving the alleged breach of the APA. Accordingly, the Court SUSTAINS SNR's objections of relevancy and burdensomeness to the Bergstrom Defendants' Deposition Topics No. 39 and 42.

SNR's Motion for Protective Order Precluding Deposition Topic No. 39 and 42 is GRANTED. SNR need not produce a 30(b)(6) witness for these two deposition topics.

### b.  Bergstrom Defendants' Deposition Topic No. 40

Deposition Topic No. 40 seeks a SNR 30(b)(6) witness to testify about: The selection of Energy Resource Interconnection Service (ERIS) rather than Network Resource Interconnection Service (NRIS) with MISO for Salt Creek. SNR objected to this topic based on relevancy and burdensomeness. The Bergstrom Defendants argued this was not

20-CV-2144-JES(WVG)

an insignificant decision, resulting in a $25 million uptick in costs for the Salt Creek project, directly impacting SNR or Terra-Gen's ability to sell the project. (May 12, 2023 Hrg. Tr. at 18.) In turn, SNR argued the basis for this topic and many of the Bergstrom Defendants' arguments are centered on the marketability of the Salt Creek Project. (*Id.* at 8.) SNR represented it already agreed to produce a 30(b)(6) witness on the topic of marketability of the Salt Creek wind farm between 2015 and 2018 (Deposition Topic No. 44). (*Id.* at 8.)

Based upon SNR's representations and the Bergstrom Defendant's insufficient showing of relevancy and proportionality, the Court SUSTAINS SNR's objections of relevancy and burdensomeness to the Bergstrom Defendants' Deposition Topics No. 40.

SNR's Motion for Protective Order Precluding Deposition Topic No. 40 is GRANTED. SNR need not produce a 30(b)(6) witness for this deposition topic.

### c. Bergstrom Defendants' Deposition Topic No. 43

Deposition Topic No. 43 seeks a SNR 30(b)(6) witness to testify about: Terra-Gen's decision to reduce energy development efforts in Iowa between 2015 and 2019. (ECF 212 at 19.) SNR objected to this topic on the basis of relevancy and burdensomeness. SNR argued the Bergstrom Defendants have already had an opportunity to depose Dan Thompson, head of Midwestern Development, about this very topic. (May 12, 2023 Hrg. Tr. at 7.) SNR represented that Mr. Thompson testified he was not aware of any institutional decision to not develop in Iowa during this time frame. (*Id.*) SNR argued relevancy may have been different had the topic been narrowed and specified to the Bergstrom Defendants' argument about abandoning the Salt Creek project, but the topic is ambiguous as written. (*Id.*) The Bergstrom Defendants countered that Iowa is one of the two states mentioned in the APA, thus the topic was not limited to just the Salt Creek project. (May 12, 2023 Hrg. Tr. at 11.)

The Court finds the Bergstrom Defendants have not made a sufficient showing to demonstrate the relevancy of this deposition topic. The Bergstrom Defendants presented no evidence to counter SNR's representations that this topic has already been addressed by

another corporate representative of SNR. They also failed to adequately address why this topic is relevant to the underlying claims at issue.

Accordingly, the Court SUSTAINS SNR's objections of relevancy and burdensomeness to the Bergstrom Defendants' Deposition Topics No. 43 and SNR's Motion for Protective Order Precluding Deposition Topic No. 43 is GRANTED. SNR need not produce a 30(b)(6) witness for this deposition topic.

### d. Bergstrom Defendants' Deposition Topic No. 45

Deposition Topic No. 45 seeks a SNR 30(b)(6) witness to testify about: The impact of Terra-Gen's decision to intervene in Alliant Energy Company's case before the Iowa Utilities Board RUP-2016-0005. (ECF 212 at 18.) SNR's objected to this topic on the basis of relevancy, calls for legal conclusions, and attorney-client privilege. SNR argued the Iowa rate case did not relate to any of the core issues or claims alleged by SNR and that every factual occurrence related to the Salt Creek project does not necessarily involve or relate to the underlying suit between SNR and the Bergstrom Defendants. (May 12, 2023 Hrg. Tr. at 9.) SNR further argued that Terra-Gen's decision to intervene in Alliant Energy's rate case is deeply intertwined with attorney-client privilege as Mr. Bergstrom and Mr. Hoyle consulted with and retained counsel to make the decision. (*Id.* at 10.) In response, the Bergstrom Defendants contended abandonment is a defense to a breach of contract claim and the decision to intervene in Alliant Energy's rate case is one of many steps SNR took leading up to the abandonment of the Salt Creek project. (*Id.* at 10-11.) The Bergstrom Defendants also represented that to the extent the request potentially implicates attorney-client privileged information, they would not request the witness to answer those questions. (*Id.* at 17.)

Upon review of the deposition topic and the Parties' arguments, the Court does not find that the Bergstrom Defendants have sufficiently demonstrated relevancy. Although the Bergstrom Defendants argue the topic relates to the ultimate marketability of the Salt Creek project, they did not tie in how this topic relates to SNR's underlying claims of breach of contract for the APA. Further, based upon SNR's representation that SNR has

already agreed to produce a 30(b)(6) witness for Deposition Topic No. 44, the marketability of the Salt Creek wind farm between 2015 and 2018, the Court is unable to determine how Deposition Topic No. 45 continues to be relevant or proportional to the needs of this case.

Accordingly, the Court SUSTAINS SNR's objections of relevancy, legal conclusions, and attorney-client privilege and SNR's Motion for Protective Order Precluding Deposition Topic No. 45 is GRANTED. SNR need not produce a 30(b)(6) witness for this deposition topic.

## IV.   SANCTIONS

Inherent in Federal Rule of Civil Procedure 26 ("Rule 26"), which governs discovery, is the expectation that counsel and parties will engage in meaningful good faith efforts to obtain and conduct discovery in an expeditious manner. The interplay between meaningful, good faith efforts to obtain and conduct discovery and the potential for discovery abuse and unnecessary gamesmanship has been contemplated and addressed multiple times by the drafters of the Federal Rules. For instance, the Advisory Committee Notes to the 1983 Amendment to Rule 26 states:

> The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. 'Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.' *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. **All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.**

Fed. R. Civ. P. 26(b)(1) Advisory Committee Note 1983 (emphasis added).

This concept of limiting unduly burdensome discovery and minimizing excessively costly and time-consuming discovery is further espoused in the 2015 Advisory Committee Notes to the 2015 Amendment:

> Most of what now appears in Rule 26(b)(2)(C)(iii) was first adopted in 1983. The 1983 provision was explicitly adopted as part of the scope of discovery

15

defined by Rule 26(b)(1). Rule 26(b)(1) directed the court to limit the frequency or extent of use of discovery if it determined that "the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." At the same time, Rule 26(g) was added. Rule 26(g) provided that signing a discovery request, response, or objection certified that the request, response, or objection was "not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation." The parties thus shared the responsibility to honor these limits on the scope of discovery.

Fed. R. Civ. P. 26(b)(1) Advisory Committee Note 2015.

The 2015 Advisory Committee Notes further state: "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Id.*

Yet, the concepts of collaboration and compromise inherent in Rule 26 have not translated well to the conduct of the Parties in this case. As stated on the record, monetary sanctions requested and awarded thus far in this case have seemingly fallen upon deaf ears and hearts resulting in a zero-sum gain with monetary sanctions flowing in both directions. Consequently, no party really felt the financial string of being sanctioned. At the December 5, 2022, hearing before Judge Schopler, the Parties were admonished they had been "well aware of the warning shot that [Judge Schopler] sent across the bow. … and going forward, the Court would not be inclined to further reduce any sanctions. The party resisting reasonable discovery attempts should expect to bear the full force of any sanctions that come from that behavior." (ECF No. 191, Dec. 5, 2023 Hrg. Tr. at 77.) Despite this admonishment, the Parties have continued to engage in meaningless discovery gamesmanship which has only further delayed this case. As evidenced by the Parties' continued requests for sanctions despite resolution of the underlying dispute and their ability to resolve a dispute within ten minutes of in-person meet and conferring, all sides have disregarded the spirit of cooperation espoused in the Federal Rules of Civil Procedure and have taken to the Court for every minuscule discovery disagreement.

20-CV-2144-JES(WVG)

Everyone – the Court, the attorneys, and the parties – are all charged with the responsibility to engage in civil discovery practices that are meant to achieve "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Effective advocacy is consistent with – and indeed depends upon – cooperation and proportional use of procedure." Fed. R. Civ. P. 1, 2015 Advisory Committee Notes. This Court's chambers rules also espouse a concept common amongst the courts: the Court is not a discovery dispute hotline to be called every time the parties have a disagreement and have not put in the effort to resolve it on their own. J. Gallo Civ. Chambers R. IV(G).

Given this case's protracted discovery history, rippled with gamesmanship in which all Parties are guilty, and for the reasons stated by the Court on the record, the Court *sua sponte* issued sanctions against all parties at the May 12, 2023 Discovery Hearing. The Court's sanctions required all counsel and client representatives with settlement authority present at the hearing to work together to compose a 1,000-word, handwritten essay detailing the merits and importance of cooperation, compromise, and how it could be achieved in this case moving forward. All counsel and client representatives were required to sign the essay. The Parties were not allowed to use any technology to aid their essay writing efforts and were not permitted to vacate the court until the essay was submitted and approved by the Court. A copy of the Parties' essay is attached to this order as Exhibit A.

## V.   AMENDED RULES FOR RAISING DISCOVERY DISPUTES

Finally, in light of the abysmal discovery conduct which has thus far occurred, the Court, for this case only, amends section IV of its Civil Chamber Rules setting forth the procedures for raising discovery disputes in this case.

    a. Before the Parties jointly call Judge Gallo's chambers to raise a dispute, the Parties shall:

        i. Meet and confer in good faith, via Zoom videoconference. The entire meet and confer shall be recorded.

        ii. Transmit the videorecording of the Parties' meet and confer to Judge Gallo's Chambers in advance of raising the discovery dispute. The

videorecording shall be transmitted to Judge Gallo's Chambers via electronic mail addressed to efile_Gallo@casd.uscourts.gov, or delivered to Judge Gallo's Chambers on a usb or compact disc.

b.  If upon review of the Parties' meet and confer recording it becomes apparent the Parties have not engaged in their best efforts to legitimately meet and confer in good faith, the Court will not entertain the dispute.

c.  If upon review of the Parties' meet and confer recording, the Parties have engaged in meaningful meet and confer and a dispute legitimately remains, all discovery dispute hearings will be held in person.

  i.  All counsel and clients with settlement authority shall appear in person at the discovery dispute conference.

  ii.  The prevailing party will be awarded all fees and costs for time incurred as a result of the Court's intervention in the discovery disputes.

These new discovery dispute guidelines do not abridge the current deadlines set forth in Judge Gallo's Civil Rule IV. The Court reserves its authority to issue further sanctions under Rule 37 should such abysmal discovery conduct continue to ensue. IT IS SO ORDERED.

## VI.  **CONCLUSION**

### a.  ECF No. 207

NES's Motion for Protective Order to Prevent the Compulsion of NES's Responses to Randy Hoyle's Special Interrogatories, Set Two, Nos. 10-19 and TGHPL's Special Interrogatories, Set Two, Nos. 18-20 is DENIED AS MOOT. NES' request for sanctions in the amount of $1,050.00 is also DENIED.

### b.  ECF No. 212

SNR's Motion for Protective Order to Preclude the Deposition of James Pagano (ECF No. 212) is DENIED AS MOOT.

SNR's Motion for Protective Order to Preclude Deposition Topics No. 5, 6, and 16

Proposed by NES Related to the Deposition of SNR's 30(b)(6) Representative is GRANTED IN PART and DENIED IN PART.

SNR's Motion for Protective Order to Preclude Deposition Topics No. 6, 7, 8, 13, and 33 Proposed by the Bergstrom Defendants Related to the Deposition of SNR's 30(b)(6) Representative is DENIED IN PART and GRANTED IN PART.

SNR's Motion for Protective Order to Preclude Deposition Topics No. 39, 40,42, 43, and 45 Proposed by the Bergstrom Defendants Related to the Deposition of SNR's 30(b)(6) Representative is GRANTED.

c.   ECF No. 228

TGHPL Motion to Compel NES' Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 2-4, 8, and 14 is DENIED. TGHPL's requests for sanctions in the amount of $3,100.00 is also DENIED.

NES's request for sanctions in the amount of $2,310.00 is also DENIED.

d.   ECF No. 229

TGHPL's Motion to Compel Robert Bergstrom's Supplemental Responses to TGHPL's Interrogatories, Set One, Nos. 1, 3, and 7 is DENIED. TGHPL's requests for sanctions in the amount of $3,100.00 is also DENIED.

e.   ECF No. 239

NES's Motion to Compel Deposition Topics No. 11, 12, and 13 of SNR's 30(b)(6) Representative and Request for Sanctions is DENIED AS MOOT. NES's request for sanctions in the amount of $3,850.00 is DENIED.

The Parties shall abide by the Court's new rules for raising future discovery disputes. The Court encourages the Parties to meaningfully engage in good faith meet and confer efforts as the case proceeds.

**IT IS SO ORDERED.**

DATED: June 2, 2023

_____

Hon. William V. Gallo
United States Magistrate Judge

20-CV-2144-JES(WVG)