1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10
11  SOUTHERN NATURAL RESOURCES, | Case No.:  20-CV-2144-JES(WVG)
    LLC,
12                                | **ORDER REGARDING DISCOVERY**
                       Plaintiff, | **DISPUTES RAISED MARCH 23,**
13                                | **2023, MARCH 29, 2023, APRIL 19,**
    v.                            | **2023**
14
    NATIONS ENERGY SOLUTIONS, INC.
15  et al; ,
16                      Defendant.
17
18

19      Pending before the Court are two sets of discovery dispute initially raised by the

20  Parties on March 23, 2023 and March 29, 2023, and subsequently raised again on April 19,

21  2023. Having convened discovery conferences on April 3, 2023 and April 28, 2023, and

22  reviewed the discovery requests in dispute, the Court issues this instant Order.

23      **I.      BACKGROUND**

24      On March 23, 2023, counsel for Defendant – Counter-Defendant TG High Prairie

25  Land, LLC ("TGHPL") and Defendant – Counter-Claimant Nations Energy Solutions, Inc.

26  ("NES") raised a discovery dispute pertaining to NES's responses to TGHPL's Requests

27  for Admissions ("RFA"), Set One, No. 7, 14, and 16. (ECF No. 252.) On March 29, 2023,

28  Counter-Defendant Terra-Gen Operating Company, LLC ("TGOC") and NES raised a

discovery dispute pertaining to TGOC's responses and supplemental responses to NES's Request for Production of Documents ("RFP"), Set One, No. 3 and 5. (ECF No. 255.) On April 3, 2023, the Court convened a Video Discovery Conference ("April 3, 2023 Conference") to address both sets of disputes. (ECF No. 257.) During the April 3, 2023 Conference, the Court provides the Parties the opportunity to revisit and redraft NES's RFP, Set One, No. 3 and 5. (April 3, 2023 Disc. Conf. Tr. at 43:15-44:3.) The Court also provided an opportunity for TGOC's to response to the redrafted requests. *Id.* The Court set a deadline of April 17, 2023 for NES to redraft RFP No. 3 and 5, and a deadline of April 24, 2023 for the Parties to re-raise this dispute in the event the redrafted requests and responses are still at issue. (April 3, 2023 Disc. Conf. Tr. at 46:1-49:5.)

On April 19, 2023, TGOC and NES jointly contacted this Court's chambers to re-raise the dispute pertaining to NES's RFP, Set One, No. 3 and 5.

On April 28, 2023, the Court convened a second Video Discovery Conference ("April 28, 2023 Conference") to address TGOC's operative responses to NES's redrafted RFP, Set One, No. 3 and 5. (ECF No. 265.) Richard Welsh and Jeffrey A. Zuidema appeared on behalf of Plaintiff – Counter-Defendant Southern Natural Resources, LLC, and Counter-Defendants TGHPL, TGOC, TG High Prairie Holdings, LLC, Terra-Gen, LLC, Terra-Gen Power, LLC, and Randy Hoyle.  Daniel P. Scholz and Linsey C. Herzik appeared on behalf of NES.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure permit a broad scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

"If the party requesting discovery is dissatisfied with any of the responses, the party

1  may move to compel further responses by informing the court which discovery requests

2  are the subject of the motion to compel, and, for each disputed response, inform the court

3  why the information sought is relevant and why the opposing party's objections are not

4  justified." *Heilman v. Cook*, No. 14-CV-01412-JLS-AGS, 2017 WL 491737, at *1 (S.D.

5  Cal. Feb. 6, 2017) (citation omitted). "The party seeking to compel discovery has the

6  burden of establishing that its request satisfies the relevance requirement of Rule

7  26." *FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 15-cv-1879-BEN-BLM, 2016

8  WL 6522807, at *2 (S.D. Cal. Nov. 3, 2016). "Thereafter, the party opposing discovery

9  has the burden of showing that the discovery should be prohibited, and the burden of

10  clarifying, explaining, and supporting its objections." *Id.* (citations omitted).

11  **III.   DISCUSSION**

12              a.  March 23, 2023 Dispute – NES's Responses to TGHPL's Requests for

13                  Admissions, Set One, No. 7, 14, and 16

14        "A party may serve on any other party a written request to admit, for purposes of the

15  pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

16  (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness

17  of any described documents." Fed. R. Civ. P. 36(a)(1). "Each matter must be separately

18  stated." Fed. R. Civ. P. 36(a)(2). A responding party must admit a matter, specifically deny

19  a matter, or state in detail why they cannot truthfully admit or deny it. Fed. R. Civ. P.

20  36(a)(4). If a matter is denied, the "denial must fairly respond to the substance of the matter;

21  and when good faith requires that a party qualify an answer or deny only a part of a matter,

22  the answer must specify the part admitted and qualify or deny the rest." *Id.* A responding

23  party may object to a request if they state the ground for the objection. Fed. R. Civ. P.

24  36(a)(5). The requesting party may seek a decision from the court determining the

25  sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). The court must order that

26  an answer be served unless it finds an objection justified. *Id.* "On finding that an answer

27  does not comply with this rule, the court may order either that the matter is admitted or that

28  an amended answer be served." *Id.*

i.  <u>RFA, Set One, No. 7</u>

TGHPL'S RFA, Set One, No. 7 was propounded on January 23, 2023. NES's responses were served on February 22, 2023. RFA No. 7 and NES's response are as follow:

**RFA No. 7:** Admit that in October 2015, YOU had no exclusive right to develop the High Prairie windfarm.

**RESPONSE:** NES objects to the extent this request prematurely seeks information protected by the attorney-client privilege or attorney work product doctrine. NES further objects to the request to the extent it seeks an admission which is the subject of expert testimony. NES also objects this request is vague and ambiguous as to the term "High Prairie windfarm." Subject to these objections, NES responds as follows: NES admits it did not have an exclusive right to develop the High Prairie wind farm as a prospective project, but did have the exclusive right to use the data NES obtained from Wind Capital Group as it relates to the High Prairie windfarm.

TGHPL argues NES's response is nonresponsive and improper as the first portion of the response is an admission but then proceeds to add unrelated information which the RFA is not seeking. (April 3, 2023 Disc. Conf. Tr. at 16:22-18:1.) TGHPL specifically objected to the language "but did have the exclusive right to use the data NES obtained from Wind Capital Group as it relates to the High Prairie windfarm". (*Id.* at 17:15-17.) TGHPL argues this additional language is NES's attempt to bake their legal arguments into RFA responses. (*Id.* at 20:12-24.) NES argues this qualified admission is proper where the request stands alone without context of the whole truth and could convey unwarranted or unfair inferences. (*Id.* at 18:5-20:10.) NES argues an unqualified admission to this RFA would improperly give the impression that NES did not have exclusive rights to any aspect of the High Prairie project despite NES's use of the data. *Id.*

As addressed by the Court at the April 3, 2023 Conference, NES's supplemental response to RFA No. 7 contained boilerplate objections and a conditional response in violation of Rule 36. As stated by the Court, the assertion of objections and then a conditional response proceeding the phrase "subject to these objections" creates confusion

as to whether the party has properly and entirely responded to a request. (April 3, 2023 Disc. Conf. Tr. at 15:13-16:8.) At the April 3, 2023 Conference, the Court provided NES's counsel with the opportunity to be heard on the objections. (*Id.* at 16:8-11.) In response, NES's counsel stated they had no objections to the Court striking NES's objections asserted in its response to RFA No. 7.  *Id.*

Accordingly, NES's objections to RFA No. 7 are OVERRULED and the Court STRIKES the objections from NES's response. The Court further finds the RFA seeks information only related to whether NES had a right to develop the High Prairie windfarm and the language "but did have the exclusive right to use the data NES obtained from Wind Capital Group as it relates to the High Prairie windfarm" is non-responsive to the RFA. The Court STRIKES "but did have the exclusive right to use the data NES obtained from Wind Capital Group as it relates to the High Prairie windfarm" from NES's response. NES's response to TGHPL's RFA, Set One, No. 7 remains: NES admits it did not have an exclusive right to develop the High Prairie wind farm as a prospective project.

ii.  RFA, Set One, No. 14

TGHPL'S RFA, Set One, No. 14 was propounded on January 23, 2023. NES's response was served on February 22, 2023. NES served a supplemental response to RFA No. 14 on March 22, 2023. RFA No. 14, NES's response, and NES's supplemental response are as follow:

**RFA No. 14:** Admit that YOU knew before March 29, 2018 that Reed Smith, LLP represented SNR in connection with the APA.

**RESPONSE:** NES objects to this request on the grounds it is vague as to time and vague as to the phrases "represented" and "knew". Subject to these objections, NES responds as follows: NES was aware that Henry King at Reed Smith, LLP had represented SNR in certain negotiations surrounding the execution of the APA. NES does not know the full extent of Reed Smith's representation of SNR. NES was also aware that Randy Hoyle of SNR would routinely act without an attorney and communicate directly with Sean Roberts, Kirk Tracy, and Bob Bergstrom via email and phone.

**SUPPLEMENTAL RESPONSE:** NES was aware that Henry King at Reed Smith, LLP had represented SNR in certain negotiations surrounding the execution of the APA. NES does not know the full extent of Reed Smith's representation of SNR.

TGHPL argues that the supplemental response is evasive and non-responsive because NES has provided additional information to it admission, rendering the response a qualified admission akin to a speaking answer. (April 3, 2023 Disc. Conf. at 21:16-22:19.) NES argues that under Rule 36(a)(4) the supplemental response is proper as Rule 36 requires that if a party does not admit a matter, they must specifically deny or state in detail why they cannot truthfully admit or deny the matter. (*Id.* at 22:21-23:4.) NES argues it could not provide an unqualified admission or denial because the RFA seeks an admission for a date five years after the execution of the APA, and NES's knowledge was limited to Reed Smith LLP's representation of SNR in connection with the APA which was executed in 2013. *Id.*

TGHPL's request to compel a further response is DENIED. *See Mkt. Lofts Cmty. Assoc. v. Nat'l Union Fire Ins. Co.*, 2016 WL 6237909, at *9 (C.D. Cal. Mar. 9, 2016) (stating that "[g]enerally, qualification is permitted if the statement, although containing some truth, '... standing alone out of context of the whole truth ... convey[s] unwarranted and unfair inferences.") (quoting *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990)) (quoting *Johnstone v. Cronlund*, 25 F.R.D. 42, 44 (E.D. Pa. 1960)). The Court tends to agree that TGHPL has not clearly established relevancy of the five-year period after the execution of the APA and how Reed Smith LLP's potential representation may relate to the APA after the execution of the APA in December 2018. NES need not further supplement its response to RFA, Set One, No. 14.

### iii.  RFA, Set One, No. 16

TGHPL'S RFA No. 16 was propounded on January 23, 2023. NES's response was served on February 22, 2023. NES served a supplemental response to RFA No. 16 on March 22, 2023. RFA No. 16, NES's response, and NES's supplemental response are as follow:

**RFA No. 16:** Admit that no party to this action ever signed an "NES Data Contract."

**RESPONSE:** NES objects to this request on the grounds it is vague as to time and vague as to the phrases "signed". In addition, NES objections to the extent this request seeks information protected by the attorney-client privilege or attorney work product doctrine. Further, NES objects this request is compound and disjunctive. NES further objects to the request to the extent it seeks an admission which is the subject of expert testimony.

Subject to these objections, NES responds as follows: NES admits there are no formal wet signatures for the NES Data Contract.

**SUPPLEMENTAL RESPONSE:** Deny.

TGHPL argued NES's subsequent responses to RFA No. 16 were improper and made in bad faith as the original response contained a qualified admission but the supplemental response was then materially changed to a denial. (April 3, 2023 Disc. Conf. Tr. at 10:2-15, 12:3-18.) In response NES argues the supplemental response is proper as NES originally qualified its admission and through the meet and confer process, understood TGHPL sought an unqualified admission which NES could not truthfully provide; thus the response was properly changed to a denial. (April 3, 2023 Disc. Conf. Tr. at 12:20-13:4.) NES contends the denial is fully responsive to RFA No. 16. *Id.*

TGHPL's request to compel a subsequent response from NES or for the Court to deem NES's March 22, 2023 supplemental response as improper is DENIED. The Court finds NES's second supplemental response has met the requirements of Rule 36 and viewed in light of the evolution of the responses to RFA No. 16 through the meet and confer process, NES's March 22, 2023 response is an unequivocal denial, with no qualifications or objections. NES need not provide a supplemental response to RFA No. 16.

b. March 29, 2023 and April 19, 2023 Dispute - TGOC's Responses to NES's Request for Production of Documents ("RFP"), Set One, No. 3 and 5

With respect to TGOC's responses to NES's RFP No. 3 and 5, NES offers to the Court to do what is NES's responsibility. The Court is not inclined to accept the offer. The

Parties are well aware it is their responsibility to meet and confer, in good faith, in an effort to resolve discovery disputes without having to involve the Court.  The Parties in this case have lost sight of that basic tenet and expect the Court to act like a "discovery abuse hotline". Every dispute has been elevated to the Court's attention without making any real and meaningful effort to objectively and reasonably engage in honest discussions with each side, truly listening to the other's input.  The record and docket in this case reflects a sordid history of disputes which were brought before the previous magistrate judge assigned to this case, continued before this Court.

At the April 3, 2023 Conference, this Court made the Parties well aware of its views on discovery requests and objections, and invited them to read the Court's chambers rules, if they already had not, to be further educated.  (April 3, 2023 Disc. Conf. Tr. at 16.) The Court emphasized the need, as Federal Rule of Civil Procedure 26 and 34 require, for particularity and specificity, not only in discovery requests but also in the objections asserted.  (April 3, 2023 Disc. Conf. Tr. at 29-32;34:19-23.) The Court also cautioned the Parties against the use of boilerplate objections without providing any supporting justification to support the objection as well as concluding with the objectional conditional response of "without waiving the aforementioned objections and subject to …". (April 3, 2023 Disc. Conf. Tr. at 29:21-32:17.) Finding that the dispute regarding RFP No. 3 and 5 were not yet ripe, the Court invited the parties to go forth and work out their differences with these admonitions in mind.  *Id.*

Despite these admonitions, the meet and confer efforts did not result in a resolution of the dispute regarding RFP No. 3 and 5.  NES did not seek to narrow the scope nor modify the requests. Notwithstanding the Court's allowance of an opportunity for NES to redraft RFP No. 3 and 5, RFP No. 3 remained identical to the original request.

As to RFP No. 5, while the request was re-worded slightly different than the original request, the request remains substantively the same. NES in essence shuffled some words around. The original RFP No. 5 and redrafted RFP No. 5 are as follows:

/ / /

20-CV-2144-JES(WVG)

**RFP No. 5**, as originally requested: "DOCUMENTS reflecting any internal TGOC bonus or compensation program RELATED TO the HIGH PRAIRIE PROJECT".

**RFP No. 5**, as redrafted requested: "DOCUMENTS RELATED TO TGOC's employee bonus or compensation program for the HIGH PRAIRIE PROJECT."

To demonstrate, in part, that the RFPs could have been more narrowly tailored, after considerable discussion at the April 28, 2023 Conference, NES offered "on the fly" to limit RFP No. 5's request to documents pertaining only to Randy Hoyle's "employee compensation and the amount of money that he personally would have profited under this … employee compensation bonus structure". (April 28, 2023 Disc. Conf. Tr. at 24:19-22.) While a nice concession, this is something NES could have and should have offered, or at least explored, with TGOC during their meet and confer efforts.  The Court is not inclined to redraft the RFP after having given NES the opportunity to do so on their own to no avail. RFP No. 5, as well as RFP No. 3, must be viewed as drafted and submitted to the Court, and ruled upon accordingly. While the Court could redraft the RFPs to eliminate some of the objections raised by TGOC, it is not the Court's job to conduct NES's discovery for them. It is not the Court's responsibility to "rewrite" discovery for parties. *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-00406-AJB-DDL, 2023 WL 215724, at *3 (S.D. Cal. Jan. 17, 2023) (citing to *Kellgren v. Petco Animal Supplies, Inc.*, No. 3:13-cv-644-L(KSC), 2017 WL 979045, at *4 (S.D. Cal. Mar. 13, 2017); *Mycosafe Diagnotics GmbH v. Life Techs. Corp.*, No. 13CV93-BTM (MDD), 2013 WL 12097536, at *2 (S.D. Cal. Oct. 9, 2013).

TGOC, for its part, made its objections more specific and eliminated objectionable conditional language, but still relies primarily on the same relevancy objection to support its argument not to produce any documents. Notwithstanding TGOC's objections of vagueness, overbroad, burdensome and ambiguous, and its objections based upon attorney-client privilege and work product, the thrust of TGOC's objections to RFP No. 3 and RFP No. 5 is relevancy.  Other than the relevancy objection, the Court finds the other objections were not supported by TGOC's response.  If TGOC wanted these objections to have merit,

much more than conclusory statements should have been included in the RFPs. Fortunately, for TGOC, the Court does find merit in its relevancy objection as stated by the Court at the April 28, 2023 Conference.  Nothing presented by NES at the April 3, 2023 Conference and April 28, 2023 Conference has persuaded the Court that the requested documents were relevant to any claim or defense. Much of what TGOC presented at the discovery conferences amply demonstrated the irrelevancy of NES's RFPs No. 3 and 5.

Accordingly, the Court SUSTAINS TGOC's objections to NES's RFP No. 3 and 5. TGOC need not produce documents responsive to NES's RFP No. 3 and 5.

## IV.  CONCLUSION

1. NES's objections to TGHPL's RFA, Set One, No. 7 are OVERRULED and STRICKEN. The Court STRIKES the language "but did have the exclusive right to use the data NES obtained from Wind Capital Group as it relates to the High Prairie windfarm" from NES's response. NES need not produce a supplemental response to TGHPL's RFA, Set One, No. 7.

2. TGHPL's request to compel a further response to RFA, Set One, No. 14 and 16 are DENIED. NES need not provide a supplemental response to TGHPL's RFA, Set One, No. 14 and 16.

3. The Court SUSTAINS TGOC's objections to NES's RFP, Set One, No. 3 and 5. TGOC need not produce documents responsive to NES's RFP, Set One, No. 3 and 5.

**IT IS SO ORDERED.**

DATED: June 29, 2023

Hon. William V. Gallo
United States Magistrate Judge

20-CV-2144-JES(WVG)